UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-120-GWU

KIMBERLY M. TAYLOR, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Kimberly Taylor brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

    4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

    5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

    6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

    7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

08-120 Kimberly M. Taylor

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

08-120 Kimberly M. Taylor

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Taylor, a 25-year-old former cashier, telemarketer and waitress with a "limited" education, suffered from impairments related to a panic disorder, social anxiety disorder and a depressive disorder. (Tr. 14, 21). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 18, 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of SSI. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert William Ellis included such non-exertional limitations as (1) no useful ability to deal with the public; (2) a "severely limited but not precluded" ability to deal with co-workers and

stress; (3) a "limited but satisfactory" ability to carry out simple one- and two-step instructions; and (4) a restriction to non-production, non-public jobs requiring only simple, one- and two-step instructions.  (Tr. 267).  In response, the witness identified a significant number of jobs which could still be performed. (Tr. 268). The ALJ relied upon this testimony to support the administrative decision.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Takasha Stewart-Hubbard, an examining consultant, imposed no limitation with regard to lifting, carrying, standing, pushing, pulling, postural activities, reaching, handling, fingering or feeling.  (Tr. 141).  The only restriction indicated by Dr. James West, a treating source, was a need to quit smoking.  (Tr. 194).  The Baptist Regional Medical Center, a treating source, did not identify any limitations.  (Tr. 114-115).  Dr. Humilidad Anzures, a non-examining medical reviewer, opined that the record did not indicate that Taylor's physical problems constituted a "severe" impairment. (Tr. 146).  Therefore, substantial evidence supports this portion of the administrative decision.

Taylor argues that the hypothetical question did not fairly depict her mental condition.  The undersigned agrees with this argument.

Psychologist Crystal Sahner, an examining consultant, diagnosed a panic disorder with agoraphobia, social anxiety disorder, and a depressive disorder.  (Tr. 136).  Sahner opined that Taylor's ability to understand, remember, and carry out instructions in performing simple, repetitive tasks was adequate.  (Id.).  The claimant

08-120  Kimberly M. Taylor

was said to have a "marked" limitation in her ability to interact appropriately with fellow workers and supervisors in a work place setting. (Id.). In a "supportive" environment, the claimant was said to be "markedly" limited in interacting with others, and in an "unfriendly" environment would have an "extreme" degree of limitation. (Tr. 136-137). She would also have a "marked" limitation of ability tolerating work pressure and stress where she worked by herself and would have "extreme" difficulty working with the public or performing at a fast pace. (Tr. 137). Finally, Sahner reported that Taylor would have a "moderate" restriction in sustaining attention and concentration in performance of simple, repetitive tasks. (Id.).

Taylor asserts that the hypothetical question did not include all of Sahner's limitations. While the question did incorporate most of the restrictions, the question clearly did not cover the examiner's restriction concerning a "moderate" limitation of ability to sustain attention and concentration in performance of even simple, repetitive tasks. In view of the plaintiff's very extensive level of mental limitation, such an additional restriction could be very significant. Therefore, Sahner's opinion does not support the administrative decision.

Psychologists Jane Brake (Tr. 148-151) and Jan Jacobson (Tr. 152-155) each reviewed the record and identified specific mental limitations. Each reviewer opined that Taylor would be "moderately" limited in her ability to maintain attention and concentration for extended periods, a limitation which was not included in the

9

hypothetical question, as well as "moderate" restrictions in handling detailed instructions, working in coordination with or proximity to others without being distracted by them, interacting with the general public, getting along with co-workers or peers without distracting them or exhibiting behavioral extremes, and responding appropriately to changes in the work setting.  Therefore, these opinions also do not support the administrative decision.

Dr. Nelson Rodriguez treated Taylor for her mental problems from August, 2001 through April 2004.  (Tr. 198-246).  Dr. Rodriguez released the plaintiff to return to work on February 26, 2002.  (Tr. 229).  The defendant asserts that this is a very significant factor in the case.  However, the claimant did not file her SSI claim until January 25, 2006, some four years later.  (Tr. 50).  The proper inquiry in an application for SSI is whether the plaintiff was disabled on or after the date of his application.  Casey v. Secretary of Health and Human Services, 987 F. 2d 1230, 1233 (6th Cir. 1993).  Thus, this opinion has little bearing on the claimant's status during the relevant time period and does not support the administrative decision.

The only other mental health professional of record was Dr. Chintamani Vora.  Dr. Vora examined Taylor in July of 2004, approximately one and a half years before the pertinent time period.  (Tr. 247-248).  Dr. Vora did not identify specific mental limitations.  The examiner did rate the plaintiff's Global Assessment of Functioning (GAF) at 50.  (Tr. 248).  Such a GAF suggests the existence of "serious" psychological symptoms according to the American Psychiatric

08-120 Kimberly M. Taylor

Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34. This GAF is consistent with that noted by Sahner in May of 2006. (Tr. 136). Thus, this report also does not support the administrative decision.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. The hypothetical question did not fairly depict Taylor's mental status as reflected in the current record. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of January, 2009.

Signed By:

<u>G. Wix Unthank</u>

United States Senior Judge